UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JEFFREY MCEARCHEN, DANIEL LAWSON,
and THOMAS C. WOLFE, individually and on
behalf of all other persons similarly situated,        Case No.:

                        Plaintiffs,        COLLECTIVE ACTION
                                      COMPLAINT
           -against-
                                      JURY TRIAL DEMANDED

URBAN OUTFITTERS, INC.,

                       Defendant.
------------------------------------------------------------X

      Plaintiffs, JEFFREY MCEARCHEN, DANIEL LAWSON, and THOMAS WOLFE (collectively "Plaintiffs"), individually and on behalf of all other persons similarly situated, by their attorneys, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

      1.    This action is brought on behalf of Department Managers ("DMs" herein), and individuals holding comparable salaried positions with different titles employed by Urban Outfitters, Inc. ("Urban Outfitters" or "Defendant" herein) within the United States.

      2.    Urban Outfitters is a retail store chain selling clothing and household goods, generally aimed at young adults. As alleged herein, Urban Outfitters has misclassified Plaintiffs and other similarly situated employees as exempt under federal overtime laws and failed to pay them for all hours worked by them as well as overtime pay for hours above 40 in a workweek.

1

## NATURE OF THE ACTION

3. Plaintiffs allege on behalf of themselves and other current and former DMs, as defined herein, employed by Defendant within the United States, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) (the "Collective Action"), that they are: (i) entitled to unpaid wages from Defendant for all hours worked by them as well as for overtime work for which they did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

## JURISDICTION AND VENUE

4. The Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331.

5. At least one member of the proposed Collective Action is a citizen of a state different from that of at least one Defendant.

6. Plaintiffs' claims involve matters of national or interstate interest.

7. Defendant is subject to personal jurisdiction in New York and within this District.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391 inasmuch as a substantial part of the events or omissions giving rise to the claims occurred in this District and two of the Plaintiffs reside in this District.

9. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

10. Plaintiff, JEFFREY MCEARCHEN ("McEarchen"), is an adult individual residing in Brooklyn, New York.

11. Defendant employed McEarchen as a DM from approximately August 1, 2009 until March 23, 2013 at Defendant's stores located in Brooklyn, New York and New York, New York.

12. Plaintiff, DANIEL LAWSON ("Lawson"), is an adult residing in Brooklyn, New York.

13. Defendant employed Lawson as a DM from approximately March 1, 2005 until October 1, 2011 at one of Defendant's stores located in New York, New York.

14. Plaintiff, THOMAS C. WOLFE ("Wolfe"), is an adult individual residing in Birmingham, Alabama.

15. Defendant employed Wolfe as a DM from approximately September 2007 until April 2011 at Defendant's stores located in Birmingham, Alabama and Nashville, Tennessee.

16. Plaintiffs worked in excess of forty (40) hours per workweek, without receiving wages from Defendant for all hours worked, as well as overtime compensation as required by federal laws.

17. Defendant is a Pennsylvania corporation, with its principal executive offices located at 5000 South Broad Street, Philadelphia, Pennsylvania. According to Defendant's Form 10-K for the fiscal year ending January 31, 2013, the company operates 167 retail stores in the United States in which it sells "women's and men's fashion apparel, footwear and accessories, as well as an eclectic mix of apartment wares and gifts." Form 10-K at 19,

2. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices.

## COLLECTIVE ACTION ALLEGATIONS

18. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendant in the United States at any time since June 24, 2010 to the entry of judgment in this case (the "Collective Action Period") as DMs and individuals holding comparable salaried positions with different titles employed by Defendant within the United States (the "Collective Action Members").

19. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs and other DMs.

20. There are many similarly situated current and former Urban Outfitter DMs who have been underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. Thus, Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

21. The similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## STATEMENT OF FACTS

22. Defendant employed Plaintiffs and the Collective Action Members as DMs.

23. Defendant maintains control, oversight, and discretion over the operation of its retail stores, including their employment practices with respect to Plaintiffs and the Collective Action Members.

24. Plaintiffs' and the Collective Action Members' work as DMs was performed in the normal course of Defendant's business and was integrated into it.

25. Consistent with Defendant's policy, pattern, and/or practice, Plaintiffs and the Collective Action Members regularly worked in excess of forty hours per workweek without being paid overtime wages, in violation of the FLSA.

26. Defendant assigned all of the work that Plaintiffs and the Collective Action Members performed, and/or has been aware of it.

27. This work required little skill and no capital investment. Nor did it include managerial responsibilities, or the exercise of meaningful independent judgment and discretion. Indeed, in Defendant's most recent Form 10-K filed with the Securities and Exchange Commission, where the company describes the organization of its stores, it all-but admits that its stores are run by their store managers, and the DM position is treated as a subordinate one, on the level of staff:

> We have organized our retail store operations by brand into geographic areas or districts that each have a district manager. District managers are responsible for several stores and monitor and supervise individual store managers. Each store manager is responsible for overseeing the daily operations of one of our stores. In addition to a store manager, the staff of a typical Urban Outfitters, Anthropologie, Free People, Terrain and BHLDN store includes a combination of some or all of the following positions: a visual manager, several department managers and full and part-time sales and visual staff.

Urban Outfitters, Inc., Form 10-K for the fiscal year ended Jan. 31, 2013 at 7.

28. Throughout the Collective Action Period, Plaintiffs and the Collective Action members performed the same primary job duties including, but not limited to:

   a. Taking out the garbage;

   b. Cleaning the store;

5

  c. Stocking displays, tables, racks, and shelves;

  d. Folding clothes;

  e. Building displays and planograms;

  f. Unloading freight;

  g. Unpacking boxes and merchandise;

  h. Operating the cash registers;

  i. Processing shipments, returns and exchanges, and store-to-store transfers;

  j. Putting merchandise onto the sales floor;

  k. Running "go-backs" from the fitting room to the sales floor;

  l. Stacking and neatening displays, tables, racks, and shelves;

  m. Recovering merchandise;

  n. Organizing the stock room and counting inventory;

  o. Filling customers' orders and checking for stock; and

  p. Providing customer service.

 29. Throughout the Collective Action Period, Plaintiffs' and the Collective Action members' primary job duties did not include:

  a. Hiring;

  b. Firing;

  c. Disciplining;

  d. Supervising and delegating; and

  e. Exercising meaningful independent judgment and discretion.

30. The Plaintiffs' and Collective Action members' primary duties were manual in nature. The performance of manual labor duties occupied the majority of their working hours.

31. Pursuant to its centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiffs and the Collective Action members, and other similarly situated current and former employees holding comparable positions but different titles, as exempt from coverage of the overtime provisions of the FLSA.

32. Upon information and belief, Defendant did not perform a person-by-person analysis of Plaintiffs' and the Collective Action members' job duties when making the decision to classify them, and other similarly situated current and former employees holding comparable positions but different titles, as exempt from the FLSA's overtime protections.

33. Upon information and belief, Defendant's unlawful conduct was and is pursuant to its centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by violating the FLSA.

34. As part of its regular business practice, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and/or practice of violating the FLSA with respect to Plaintiffs and the Collective Action members. This policy and pattern or practice includes, but it is not limited to:

    a. willfully misclassifying Plaintiffs and the Collective Action members as exempt from the overtime requirements of the FLSA; and

  b. willfully failing to pay Plaintiffs and the Collective Action members overtime wages for hours that they worked in excess of 40 hours per workweek.

35. Defendant is aware or should have been aware that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

36. Defendant's failure to pay overtime wages for work performed by Plaintiffs and the Collective Action members in excess of 40 hours per week was willful.

37. During the course of the Collective Action Period and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiffs and the Collective Action members.

38. During the course of the Collective Action Period, Defendant failed to post or keep posted a notice explaining the minimum wage and overtime wages, as provided under the FLSA.

**FIRST CLAIM FOR RELIEF:**
**<u>FAIR LABOR STANDARDS ACT</u>**

39. Plaintiffs, on behalf of themselves and all of the Collective Action members, reallege and incorporate by reference paragraphs 1 through 38 as if they were set forth again herein.

40. At all relevant times, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41. At all relevant times, Defendant employed Plaintiffs, and employed or continues to employ, each of the Collective Action members within the meaning of the FLSA.

42. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

43. At all relevant times and continuing to the present time, Defendant had a policy and practice of refusing to pay for all hours worked, as well as refusing to pay overtime compensation to their DMs and similarly situated employees in comparable positions but having different titles, for hours worked in excess of forty hours per workweek.

44. As a result of Defendant's willful failure to compensate their employees, including Plaintiffs and the Collective Action members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, as well as for all hours worked by them, Defendant has violated and, continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

45. As a result of Defendant's failure to record, report, credit and/or compensate their employees, including Plaintiffs and the Collective Action members, Defendant has failed to make, keep and preserve records with respect to each of their employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

46. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

47. As a result of Defendant's FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action members, are entitled (a) to recover from Defendant their unpaid wages for all of the hours worked by them, as overtime compensation, (b) to recover an additional, equal amount as liquidated damages Defendant's willful violations of the FLSA, and (c) to recover their unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

### **PRAYER FOR RELIEF**

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated DMs, and seek an order or orders providing the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiffs and the Collective Action members, and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated Collective Action members apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA;

d. An award of liquidated and/or punitive damages as a result of Urban Outfitter's willful failure to pay for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay pursuant to 29 U.S.C. § 216;

   e. An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

   f. An award of prejudgment and post-judgment interest;

   g. An award of costs and expenses of this action together with reasonable attorneys' and experts' fees and an award of a service payment to Plaintiffs;

   h. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Complaint.

Dated: Rye Brook, New York
   June 24, 2013

               By: /s Seth R. Lesser
               Seth R. Lesser
               Fran L. Rudich
               Michael J. Palitz
               Rachel E. Berlin
               **KLAFTER OLSEN & LESSER LLP**
               Two International Drive, Suite 350
               Rye Brook, New York 10573
               Telephone: (914) 934-9200
               Facsimile: (914) 934-9220
               www.klafterolsen.com

               Marc S. Hepworth
               Charles Gershbaum
               David A. Roth
               Mathew A. Parker
               **HEPWORTH, GERSHBAUM & ROTH, PLLC**
               192 Lexington Avenue, Suite 802
               New York, New York 10016
               Telephone: (212) 545-1199
               Facsimile: (212) 532-3801

Shannon Carson*
**BERGER & MONTAGUE, PC**
1622 Locust Street
Philadelphia, Pennsylvania 19103
Telephone: (800) 424-6690
Facsimile: (215) 875-4604
www.bergermontague.com
*Pro hac motion to be submitted

**ATTORNEYS FOR PLAINTIFFS**